# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# Charleston Division

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JANE NISHIDA, as Acting Administrator of the U.S. Environmental Protection Agency, et al.,<br><br>Defendants,<br><br>and<br><br>AMERICAN FARM BUREAU FEDERATION, et al.,<br><br>Intervenor-Defendants. | Case No. 2:20-cv-01687-BHH<br><br>**MOTION TO STAY PROCEEDING/CONTINUE HEARING DATE** |

**MOTION TO STAY PROCEEDINGS/CONTINUE HEARING DATE**

Pursuant to Local Rule 6.01, Defendants United States Environmental Protection Agency, EPA Acting Administrator Jane Nishida, United States Army Corps of Engineers, and Senior Official Performing the Duties of the Assistant Secretary of the Army for Civil Works Vance F. Stewart, III ("Defendants" or "Agencies")[1] respectfully move the Court to stay the proceeding for 60 days, further continuing the date it plans to reschedule the Parties' summary judgment hearing date. The Agencies make this request in order to secure additional time for their ongoing review of the definition of "waters of the United States" at issue in this case

---

[1] EPA Acting Administrator Jane Nishida is automatically substituted for Andrew Wheeler, and Vance F. Stewart, III, is automatically substituted for R.D. James, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

following the recent change in administration. The Agencies conferred with the Parties regarding this request. Plaintiffs have stated they oppose the relief requested herein while Defendant-Intervenors do not oppose the request. As grounds for their motion, the Agencies state as follows:

## BACKGROUND

Plaintiffs are challenging the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR")—a rule promulgated by the Agencies that defines the phrase "waters of the United States" under Section 502 of the Clean Water Act, 33 U.S.C. § 1362(7).

On July 10, 2020, Plaintiffs filed their motion for summary judgment challenging the NWPR. Dkt. No. 58. The Agencies and Intervenor-Defendants filed their respective responses and cross-motions for summary judgment on August 24, 2020. Dkt. Nos. 68, 69, 70. Plaintiffs filed their reply to the Agencies and Intervenor-Defendants' cross-motions for summary judgment/responses on September 21, 2020, Dkt. No. 73. The Agencies and Intervenor-Defendants filed their respective reply briefs on October 19, 2020. Dkt. Nos. 80, 81.

A hearing regarding the Parties' motions for summary judgment was originally scheduled on December 1, 2020 before Judge David C. Norton. Dkt. No. 74. This hearing was cancelled on November 23, 2020 and rescheduled for February 4, 2021. *See* Dkt. Nos. 82, 87. This matter was then reassigned to this Court on January 12, 2021. Dkt. No. 88. This Court subsequently gave notice that the February 4, 2021 hearing would remain on calendar. Dkt. No. 91.

On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 20, 2021). In conformance with the Executive Order,

the Agencies are reviewing many rules promulgated in the last four years, including the NWPR at issue in this case.

In light of this directive for the Agencies to review the NWPR, the Parties filed a joint motion to continue the February 4, 2021 hearing date by at least 30 days. Dkt. No. 95. The Court granted the motion on January 27, 2021, stating that it would reschedule the hearing for some time after March 4, 2021. Dkt. No. 96. While the Court has not yet rescheduled the hearing date, the Agencies now move to stay the proceeding by 60 days.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Moreover, prior to passage of a deadline, "the court may, for good cause, extend the time with or without motion or notice . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In finding "good cause," the Court should focus "on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel County, Md.*, 182 Fed. App'x 156, 162 (4th Cir. 2006).

Here, the Agencies can show good cause for their request to stay the proceeding by 60 days. *First*, as stated above and as noted in the Parties' January 26, 2021 joint motion to continue the February 4, 2021 hearing, *see* Dkt. No. 95, the President has directed the Agencies to review the NWPR. On January 20, 2021, President Biden issued Executive Order 13990, entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). The Executive Order "directs all executive departments and agencies to immediately review and, as appropriate and consistent

with applicable law, take action to address the promulgation of Federal regulations and other actions during the past 4 years" that conflict with policies set forth in the Order. *Id*. The NWPR is on the list of regulations to be reviewed.[2] "For any such actions identified by the agencies, the heads of agencies shall, as appropriate and consistent with applicable law, consider suspending, revising, or rescinding the agency actions." *Id.* at 7037, section 2(a).

Indeed, agencies have inherent authority to review past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co*., 463 U.S. 29, 42 (1983); *Jimenez-Cedillo v. Sessions*, 885 F.3d 292, 298 (4th Cir. 2018). An agency's interpretation of a statute it administers is not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted). Here, though the Agencies were hopeful that they would have an understanding as to how the new administration plans to approach the NWPR within the Parties' first 30-day continuance, it has become apparent that the review will necessarily take some additional time.

Perhaps most importantly, the EPA Administrator-designate, Michael Regan, has not yet been confirmed by the Senate. Indeed, at the committee hearing on Mr. Regan's confirmation, Senators repeatedly raised questions about the NWPR, demonstrating the importance of this issue to the Administration and the incoming Administrator. *See* Hearing on the Nomination of Michael S. Regan to be Administrator of the Environmental Protection Agency: Senate

---

[2] *See* https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-listof-agency-actions-for-review/ (item No. 2 under Department of Defense, and item No. 31 under EPA) (last visited February 26, 2021).

Committee of Environment and Public Works at 45, 50, 88, 117, 120 (Feb. 3, 2020).[3] The requested period of 60 days will allow time for this confirmation process to conclude, and for EPA's new leadership to be briefed on this matter to decide the EPA's preferred path forward. Given the significance of the challenged rule, the Agencies' new leadership should be afforded this opportunity to consider (and potentially reconsider) their approach to the NWPR before the Court considers the merits of the pending summary judgment motions.

*Second*, while the outcome of the Agencies' review cannot be predicted at this time, it is at least possible that the Agencies' review of the NWPR may ultimately lead to a significant modification or withdrawal of the rule, which could affect the issues and arguments at play in this litigation and other related legal challenges regarding the regulatory definition of "waters of the United States." If that occurs, a hearing regarding the NWPR at this time would be an inefficient use of the Court's and Parties' time and resources.

*Third*, if the Court were to hold a hearing before the Agencies have been given the opportunity to fully review the NWPR, the Agencies could not state with any certainty either their plans regarding potential reconsideration of the rule or the current administration's position on many of the issues raised by this litigation.

*Fourth*, a number of other courts have considered and granted stays/continuances in other proceedings across the country involving the NWPR in light of the President's Executive Order directing the Agencies to review certain regulations, including the NWPR.[4] Granting the

---

[3] Available at: https://www.epw.senate.gov/public/_cache/files/b/b/bb8ad566-12ca-4ff6-adb5-e3f61d44b3ab/736007F6C59AEDCCF63FD6C63517DAD5.spw-02032021-nomination-hearing.pdf. (Last visited March 1, 2021).

[4] *See, e.g.*, *State of California v. Wheeler*, No. 3:20-cv-3005, Dkt. No. 229 (granting, in a suit challenging the NWPR, an opposed motion to continue all deadlines by 75 days and to stay proceedings for 60 days) (N.D. Cal. Feb. 17, 2021); *Envtl. Integrity Project v. Wheeler*, No. 1:20-cv-01734, Dkt. 27 (D.D.C. Jan. 28, 2021) (court ordered the case stayed indefinitely);

Agencies' proposed 60-day stay would be in line with the stays/continuances granted in other suits involving the NWPR.

*Fifth*, the modest length of the requested extension should not prejudice any party.

For the foregoing reasons, the Parties respectfully request that the Court stay the matter by 60 days and to reschedule the hearing date regarding the Parties' cross-motions for summary judgment until after the stay is lifted. This motion would be without prejudice to the right of any party to seek a further stay and continuance of the hearing date.

Dated: March 1, 2021.                             Respectfully submitted,

                                                  M. RHETT DEHART
                                                  Acting United States Attorney

                                                  By: *s/ Lee E. Berlinsky*
                                                  LEE E. BERLINSKY Fed Id #05443
                                                  Assistant U.S. Attorney
                                                  151 Meeting Street, Suite 200
                                                  Charleston, SC 29401
                                                  T: (843) 727-4381
                                                  Lee.Berlinsky@usdoj.gov

---

*Conservation Law Found. v. EPA*, No. 1:20-cv-10820, Dkt. 99 (D. Mass. Feb. 10, 2021) (court granted consent motion to extend deadline for reply brief to May 10, 2021); *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063, Dkt. 48 (D. Md. Feb. 2, 2021) (court ordered case held in abeyance through July 29, 2021); *Navajo Nation v. Wheeler*, No. 2:20-cv-602, Dkt. 27 (D.N.M. Feb. 4, 2021) (court granted joint motion to extend all deadlines by 30 days); *New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988, Dkt. 59 (D.N.M. Feb. 10, 2021) (court ordered case held in abeyance until May 1, 2021); *Murray v. Wheeler*, No. 1:19-cv-1498, Dkt. 42 (N.D.N.Y. Feb. 2, 2021) (case held in abeyance until August 2, 2021); *Puget Soundkeeper All. v. EPA*, No. 2:20-cv-00950, Dkt. 47 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021); *Oregon Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564, Dkt. 113 (D. Or. Feb. 2, 2021) (court ordered case stayed through June 2, 2021); *Waterkeeper All. v. Wheeler*, No. 3:18-cv-03521, Dkt. 102 (N.D. Cal. Feb. 11, 2021) (parties filed stipulation to continue existing deadlines and stay proceedings for 60 days); and *Washington Cattlemen's Ass'n v. EPA*, No. 2:19-cv-569, Dkt. 95 (W.D. Wash. Feb. 8, 2021) (court ordered case stayed through May 1, 2021).

7