IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) No. 2:20-cv-01687-BHH |
| MICHAEL REGAN, *et al.*, | ) ) |
| Defendants, | ) ) ) |
| AMERICAN FARM BUREAU FEDERATION, *et al.*, | ) ) ) |
| Intervenor-Defendants. | ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO CHANTELL
AND MICHAEL SACKETTS' MOTION TO INTERVENE**

The so-called Navigable Waters Protection Rule ("Rule") promulgated by the U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (collectively, "Agencies")[1] faces legal challenges across the country for the unlawful manner in which the Rule was adopted and the grave threat it poses to the integrity of waters protected since the passage of the Clean Water Act. Chantell and Michael Sackett stand to benefit from its unprecedented removal of clean water protections from many of the nation's streams, wetlands, lakes, and other waters.

As far back as May and June 2020, the Sacketts moved to intervene in other federal court challenges to the Rule, alleging that the outcome of those cases might put their property interests

---

[1] The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020).

at risk. Attempts to intervene in three additional cases followed. But despite their repeated assertion that challenges to the Rule pose a substantial threat to their interests, the Sacketts made no effort to intervene in *this* case over its first 14 months—not when the suit was filed, not when other parties intervened to defend the Rule, and not at any point during a full round of summary judgment briefing. Only after the commencement of a second round of merits briefing—and only *after* Plaintiffs filed a revised motion for summary judgment—do the Sacketts now seek to intervene. The Fourth Circuit has made clear that such late intervention in the middle of summary judgment briefing is disfavored.

The Sacketts' strategic forbearance violates the "cardinal consideration" of timeliness, prejudices Plaintiffs, and disrupts the prompt and orderly adjudication of this case. Further, the Sacketts' interests in defending the Rule are in all relevant respects identical to those of the existing Intervenors—trade groups with a similar interest in the regulatory scope of the Clean Water Act—that have been parties to this litigation for a year. The Sacketts' proposal to raise a baseless legal argument rejected by every court to address it—to date, *six* circuit courts of appeals—is not valid grounds for intervention, particularly given the untimely nature of their motion.

No court has yet permitted the Sacketts to intervene in a challenge to the Rule over the opposition of existing parties, and the Northern District of California has denied their intervention. For the reasons set forth herein, the Court should deny the Sacketts' motion to intervene as of right under Federal Rule of Civil Procedure 24(a) and reject their request for permissive intervention under Federal Rule of Civil Procedure 24(b).

# ARGUMENT

**I.        The Sacketts Are Not Entitled to Intervention as of Right Under Rule 24(a).**

Under Rule 24(a), an applicant to intervene as of right must satisfy four requirements:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999); see Fed. R. Civ. P. 24(a). The burden to meet these requirements falls on the applicant. Richman v. First Woman's Bank, 104 F.3d 654, 658 (4th Cir. 1997). Failure to satisfy even one of these requirements precludes intervention as of right. N.C. State Conf. of the NAACP v. Berger, No. 19-2273, 2021 WL 2307483, at *9 (4th Cir. June 7, 2021) (en banc). Because the Sacketts' motion to intervene fails to satisfy two independent requirements—timeliness and inadequate representation—their motion should be denied.

**A.        The Sacketts' motion to intervene is untimely.**

Timeliness is a "cardinal consideration" of whether to permit intervention. Houston Gen. Ins. Co., 193 F.3d at 839. In determining whether a motion to intervene is "timely," a court considers (1) how far the suit has progressed; (2) the prejudice that delay might cause other parties; and (3) the reason for tardiness in moving to intervene. Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989). The Fourth Circuit has previously affirmed denial of intervention on timeliness grounds where, as here, a case was in the middle of summary judgment briefing. Alt v. EPA, 758 F.3d 588, 591 (4th Cir. 2014). The Sacketts' motion—filed 14 months after the initiation of the lawsuit and with a second round of merits briefing already underway—cannot be considered timely under any of these three factors.

### 1. The litigation has progressed too far for the Sacketts' motion to be deemed timely.

This suit is hardly in the "preliminary posture" alleged by the Sacketts. Doc. 130 at 9. Plaintiffs filed their complaint in April 2020—14 months ago—and Intervenors intervened in June 2020, without opposition by Plaintiffs. Docs. 1, 29. The Agencies filed the administrative record in July 2020. Docs. 54, 54-1. Plaintiffs, the Agencies, and Intervenors engaged in a full round of summary judgment briefing—256 pages of briefing, plus supporting exhibits—from July to October 2020. Docs. 58, 68–70, 73, 80, 81. After the Court stayed the litigation and denied the cross-motions for summary judgment without prejudice to refiling at the conclusion of the 60-day stay, Doc. 106, the Parties negotiated a new schedule for the refiling of summary judgment motions, which the Court entered on May 17, 2021. Doc. 118. Pursuant to that schedule, on May 21, 2021, Plaintiffs commenced a second round of summary judgment briefing by filing a revised motion for summary judgment. Doc. 119. It was not until the week *after* Plaintiffs completed this filing that the Sacketts moved to intervene. Doc. 130.

The Fourth Circuit has upheld the denial of a motion to intervene where "summary judgment briefing and related proceedings had commenced and were ongoing" and "the court was reasonably reluctant to arrest the momentum of the lawsuit so near to its final resolution." Alt, 758 F.3d at 591; see also, e.g., Chamness v. Bowen, 722 F.3d 1110, 1121–22 (9th Cir. 2013) (deeming motion to intervene untimely where summary judgment motion and response had already been filed). After 14 months of litigation, one full round of merits briefing, and the commencement of a second, this case has progressed too far for the Sacketts' motion to be deemed timely.

### 2. The Sacketts have provided no reason for their tardiness in moving to intervene.

The Sacketts have offered no legitimate explanation for their considerable delay. As the Sacketts acknowledge, Doc. 130 at 10, a "prospective intervenor generally must move promptly for intervention as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" Scardelletti v. Debarr, 265 F.3d 195, 203 (4th Cir. 2001) (quoting United States v. S. Bend Cmty. Sch. Corp., 710 F.2d 394, 396 (7th Cir. 1983)), rev'd on other grounds sub nom. Devlin v. Scardelletti, 536 U.S. 1 (2002). "When the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1916 (3d ed. Apr. 2021 update).

The Sacketts did not seek to intervene when the case was filed in April 2020, or when Intervenors intervened—without opposition from Plaintiffs—in May 2020. Nor did they attempt to intervene at any point during the initial round of summary judgment briefing, from July to October 2020. Meanwhile, between May 2020 and May 2021, the Sacketts *did* seek intervention in five other district court challenges to the Rule, asserting that their interests were at stake in each of those cases[2]—a critical fact not mentioned in the Sacketts' motion. Having attested a full

---

[2] Notice of Mot. & Mot. to Intervene at 8, California v. Wheeler, No. 3:20-cv-03005-RS (N.D. Cal. May 21, 2020) (Ex. 1); Unopposed Mot. to Intervene at 11, Colorado v. EPA, No. 1:20-cv-01461-WJM (D. Colo. June 3, 2020) (Ex. 2); Mem. in Supp. of Unopposed Mot. to Intervene at 12, Conservation Law Found. v. EPA, No. 1:20-cv-10820-DPW (D. Mass. Oct. 21, 2020) (Ex. 3); Notice of Mot. & Mot. to Intervene at 9, Waterkeeper All., Inc. v. Wheeler, No. 3:18-cv-03521-RS (N.D. Cal. Jan. 19, 2021) (Ex. 4); Unopposed Mot. to Intervene at 12, Pascua Yaqui Tribe v. EPA, No. 4:20-cv-00266-TUC-RM (D. Ariz. May 7, 2021) (Ex. 5). Of the five other challenges to the Rule in which the Sacketts have moved to intervene, courts have granted their motions only where their intervention has been unopposed. See Order Granting Mots. to Intervene, Colorado v. EPA, No. 1:20-cv-01461-WJM-NRN (D. Colo. July 15, 2020) (Ex. 6); Order, Conservation Law Found. v. EPA, No. 1:20-cv-10820-DPW (D. Mass. Oct. 28, 2020) (text-only docket entry) (Ex. 7); Order, Pascua Yaqui Tribe v. EPA, No. 4:20-cv-00266-TUC-

13 months ago, and repeatedly over the past year, that their interests were threatened by other cases *seeking the same relief sought here*—vacatur of the Rule—the Sacketts cannot now claim that they have moved to intervene in this litigation as soon as they knew that its outcome might put their interests at risk.

Perhaps recognizing the significance of this inconsistency, the Sacketts attempt to justify their untimely motion on the grounds that the January 2021 change in administration means "the Agencies now . . . may not defend the Rule." Doc. 130 at 11. Of course, such an argument fails to explain why the Sacketts deemed it necessary to intervene in four cases *prior* to the change in administration. It also makes little sense in light of the Sacketts' concession that the legal argument they propose to make in support of the Rule—that the Rule's definition of "adjacent wetlands" is compelled by "the controlling plurality opinion in [Rapanos v. United States, 547 U.S. 715 (2006)]," Doc. 130 at 15—is one that the Agencies under the *prior* administration "expressly rejected." Id.

Nevertheless, even when the administration changed and President Biden issued Executive Order 13,990—directing the Agencies to review the Rule and other regulations promulgated by the prior administration and to consider whether they should be suspended, revised, or rescinded[3]—the Sacketts still took no steps to intervene in this case for several months. They remained on the sidelines when the 60-day stay of this litigation expired (May 1, 2021) and when the Court approved a new schedule for the refiling of summary judgment motions (May 17, 2021). See Doc. 118.

---

RM (D. Ariz. May 14, 2021) (Ex. 8). Where plaintiffs opposed the Sacketts' intervention, one court denied their motion to intervene, Order Den. Mots. to Intervene, California v. Wheeler, No. 20-cv-03005-RS (N.D. Cal. Aug. 13, 2020) (Ex. 9), appeal docketed, No. 20-16606 (9th Cir. Aug. 20, 2020), and one motion is still pending, see Ex. 4.

[3] See Exec. Order No. 13,990, 86 Fed. Reg. 7037 (Jan. 25, 2021).

It was not until the week *after* Plaintiffs filed their revised motion for summary judgment on May 21, 2021, Doc. 119, that the Sacketts notified Plaintiffs of their intent to seek intervention and moved to intervene. Doc. 130. The Sacketts, for the first time, indicated that they intended to respond to Plaintiffs' just-filed summary judgment motion, see id. at 9–10—a motion that had justifiably addressed only those claims and defenses made by the existing Parties to the litigation. See Doc. 119-1. The Fourth Circuit, among other courts, has rejected such a "strategic decision" to intervene late in litigation, cautioning that "[s]uch deliberate forbearance understandably engenders little sympathy." Alt, 758 F.3d at 591; see also Moten v. Bricklayers, Masons, & Plasterers Int'l Union of Am., 543 F.2d 224, 228 (D.C. Cir.1976) (deeming motion to intervene untimely where decision not to seek earlier intervention may have been "informed, tactical" choice). The Sacketts' strategic decision here should meet with the same result.[4]

### 3.     The Sacketts' intervention would prejudice Plaintiffs.

In early May 2021, Plaintiffs negotiated a briefing schedule and page limits with the existing defendants in good faith, based on Plaintiffs' understanding of the time and pages needed to address the arguments suggested by the claims and defenses in the Agencies' and Intervenors' pleadings. Plaintiffs then filed a 45-page memorandum in support of their motion for summary judgment, justifiably addressing only those arguments—not the potential arguments of unknown parties who had given no indication of their intent to intervene. The Sacketts have now indicated their intent to make arguments that neither the Agencies nor Intervenors are likely

---

[4] The Sacketts also attempt to justify the timing of their request to intervene by claiming, incorrectly, that this case and Pascua Yaqui Tribe v. EPA are "the only . . . challenge[s] to the Navigable Waters Protection Rule currently scheduled to proceed to the merits." Doc. 130 at 11; see also id. at 10 n.4. In fact, at the time of this filing, three other Rule challenges are currently active and proceeding to the merits: Conservation Law Foundation v. EPA, No. 1:20-cv-10820-DPW (D. Mass.); Navajo Nation v. Regan, No. 2:20-cv-00602-MV-GJF (D.N.M.); and Colorado v. EPA, No. 1:20-cv-01461-WJM (D. Colo.).

to make. Doc. 130 at 15, 17. They have also asserted affirmative defenses in their proposed answer invoking constitutional arguments not raised by any of the existing parties. Doc. 130-1 at 48–53. The Sacketts' belated injection of issues into merits briefing that Plaintiffs could not reasonably have anticipated when they filed their opening brief would unduly prejudice Plaintiffs. So, too, would Plaintiffs be prejudiced by having to choose between (1) responding by the current deadline, and within the page limits approved by the Court, to an additional 45-page brief containing unique arguments; or (2) seeking additional time and pages for their reply, adding to the already extensive briefing before the Court and further delaying the potential relief sought by Plaintiffs should they prevail. Plaintiffs should not be placed in such an untenable position due to the Sacketts' eleventh-hour entry into the litigation. See Stuart v. Huff, 706 F.3d 345, 355 (4th Cir. 2013) (finding intervention unwarranted where it "would likely 'result in undue delay in adjudication of the merits, without a corresponding benefit to existing litigants, the court, or the process'").

  **B.  The Sacketts have failed to establish that the existing Intervenors do not adequately represent their interests.**

  The Intervenor trade groups intervened over a year ago, without objection from Plaintiffs. Like the Sacketts, they seek to defend the Rule in an attempt to limit the Clean Water Act's application to their members' activities. See Doc. 22 at 12–15; Doc. 130 at 12–13. The Sacketts claim that Intervenors' representation of the Sacketts' interests is inadequate because they have "different objectives" and "different interests." Neither claim withstands scrutiny.

  *First*, the Sacketts' contention that they have "a substantially different objective" from Intervenors amounts solely to their proposal to make a legal argument that Intervenors (and the Agencies) will not make. See Doc. 130 at 17. The Sacketts propose to argue that "the Rule's new and narrower definition of 'adjacent wetlands' is not a matter of agency discretion, but is *legally*

8

*compelled* by Supreme Court precedent—i.e. the controlling plurality opinion in Rapanos." Id. at 15. The Sacketts maintain that Intervenors have argued that while the Rule's definition of "adjacent wetlands" "is 'consistent' with the Clean Water Act, it is not compelled." Id. at 17 (citing Doc. 68-1 at 40–42)).

As an initial matter, disagreement with an existing party's legal strategy "is not sufficient to show inadequate representation." Daniels v. Resolution Trust Corp., No. 94-1259, 1995 WL 361498, at *2 (4th Cir. June 16, 1995); see also, e.g., United States v. City of Los Angeles, 288 F.3d 391, 402–03 (9th Cir. 2002) ("mere[] differences in strategy . . . are not enough to justify intervention as a matter of right."); Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 112 (1st Cir. 1999) ("Of course, the use of different arguments as a matter of litigation judgment is not inadequate representation *per se*."). The Sacketts' interest in raising an argument not pursued by either the Agencies or Intervenors does not justify their intervention.

That alone is sufficient to find the Sacketts' interests adequately represented and deny intervention. But the Sacketts' contention suffers from an additional problem: only "potentially meritorious" arguments can serve as grounds for intervention. California ex rel. Lockyer v. United States, 450 F.3d 436, 444 (9th Cir. 2006) (holding that to establish inadequacy of representation by government defendant, proposed intervenor must demonstrate likelihood that government will not advance "potentially meritorious" reading of statute); see also Green v. United States, No. 1:11–CV–176, 2013 WL 2389793, at *3, *19 (N.D. W. Va. May 30, 2013) (denying motion to intervene because applicant's proposed claims were "baseless," "frivolous and without merit"). The Sacketts' proposed argument that the Rule's definition of "adjacent wetlands" is compelled by "the *controlling* plurality opinion in Rapanos," Doc. 130 at 15

(emphasis added)—the argument that they claim necessitates their intervention in this case—is wholly without merit.[5]

All six courts of appeals that have addressed the issue have unambiguously rejected the view that the plurality opinion is the sole "controlling" Rapanos opinion. See United States v. Donovan, 661 F.3d 174, 183–84 (3d Cir. 2011); United States v. Bailey, 571 F.3d 791, 798–99 (8th Cir. 2009); N. Cal. River Watch v. City of Healdsburg, 496 F.3d 993, 999–1000 (9th Cir. 2007); United States v. Robison, 505 F.3d 1208, 1221–22 (11th Cir. 2007); United States v. Gerke Excavating, Inc., 464 F.3d 723, 724–25 (7th Cir. 2006); United States v. Johnson, 467 F.3d 56, 64–66 (1st Cir. 2006); see also United States v. Cundiff, 555 F.3d 200, 210 n.2 (6th Cir. 2009 (finding "unpersuasive" amicus Pacific Legal Foundation's argument that plurality opinion is logical subset of Justice Kennedy's Rapanos concurrence and thus controlling). Even the Agencies that promulgated the Rule based no part of their rulemaking on the argument that the Rapanos plurality opinion is controlling; as the Sacketts acknowledge in their motion, the Agencies "expressly rejected" the argument. Doc. 130 at 15 (citing 85 Fed. Reg. at 22,273 ("The agencies disagree with commenters' suggestion that [Executive Order 13,778] requires the agencies to rely exclusively on Justice Scalia's opinion in Rapanos.")). The Sacketts cannot rely on a baseless legal argument to distinguish their objective from the objective of Intervenors.

*Second*, the Sacketts offer no support for their claim that Intervenors "are not representative of the Sacketts' interests." Doc. 130 at 17. The Sacketts claim that their interest in a specific plot of land is not represented by Intervenors' interest in the nationwide application of

---

[5] A court may resolve applications for intervention by reference to the ultimate merits of the claims the proposed intervenor seeks to assert where, as here, those arguments are "'frivolous on their face.'" XL Specialty Ins. Co. v. Lakian, 632 F. App'x 667, 669 (2d Cir. 2015) (quoting Oneida Indian Nation of Wisc. v. New York, 732 F.2d 261, 265 (2d Cir. 1984); accord, e.g., Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999).

the Rule, but "stronger, more specific interests do not adverse interests make—and they surely cannot be enough to establish inadequacy of representation." Stuart, 706 F.3d at 353. The Sacketts offer no explanation of *how, in the context of this litigation*, Intervenors do not represent their interests. "[C]onclusory statements, founded entirely on speculation and surmise" do not suffice to establish that representation by existing parties is inadequate. T-Mobile Northeast LLC v. Town of Barnstable, 969 F.3d 33, 40 (1st Cir. 2020); see also DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 26 (D.D.C. 2002) ("The burden of demonstrating its fulfillment of the requirements of Rule 24(a) is squarely on the intervenor-applicant . . . . Conclusory, unsupported arguments are insufficient to meet this burden.").

The Sacketts and Intervenors both aim to minimize the scope of waters that receive Clean Water Act protection by defending the Rule. As relevant to this litigation, they share the same objective. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." Commonwealth of Va. v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976). This presumption holds "notwithstanding disagreements over litigation tactics." N.C. State Conf., 2021 WL 2307483, at *12. The Sacketts' motion makes no allegation of "adversity of interest, collusion, or nonfeasance" on the part of Intervenors. The Sacketts have not met their burden.

**II.    The Sacketts Should Not Be Granted Permissive Intervention Under Rule 24(b).**

The Sacketts are not entitled to permissive intervention for many of the same reasons that they do not qualify for intervention as of right. Under Rule 24(b), a district court may also permit intervention where (1) the motion is timely; (2) the proposed intervenor's claims share a question of law or fact in common with the main action; and (3) intervention will not unduly delay or

prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b); League of Women Voters of S.C. v. Andino, No. 2:20-3537-RMG, 2020 WL 6573386, at *1 (D.S.C. Oct. 14, 2020). A decision to deny permissive intervention under Rule 24(b) "lies within the sound discretion of the trial court." Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003); see Fed. R. Civ. P. 24(b)(3).

As discussed in Section I.A, above, the Sacketts' motion is untimely. The Sacketts offer no legitimate reason for an eleventh-hour intervention that would plainly prejudice Plaintiffs. Moreover, the Sacketts' intervention would not serve the interests of judicial economy; it would result in briefing of arguments that are either baseless, as set forth in Section I.B, above, or duplicative of arguments made by the Agencies or Intervenors. The Fourth Circuit has consistently upheld district courts' denial of motions to intervene where intervention would burden the courts and delay the resolution of litigation. See Westinghouse, 542 F.2d at 217 (affirming denial of intervention in part due to potential burden on trial court from "additional briefs and pleadings" that "provide[] . . . no new viewpoints"); Stuart, 706 F.3d at 355 (affirming district court's determination that "permitting intervention would likely 'result in undue delay in adjudication of the merits, without a corresponding benefit to existing litigants, the courts, or the process' because 'the existing [d]efendants are zealously pursuing the same ultimate objectives'" as the proposed intervenors). Here, too, the Court should exercise its discretion to deny permissive intervention by the Sacketts.

### III.     Plaintiffs Have No Objection to the Sacketts' Participation as Amici Curiae.

"Numerous cases support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention." McHenry v. Comm'r, 677 F.3d 214, 227 (4th Cir. 2012) (collecting cases). As set forth in Section I.B, above, the Sacketts'

express intent to defend the Rule on grounds rejected by the promulgating Agencies and by every court of appeals to reach the issue raises doubt as to the value of their involvement in this case. Nevertheless, Plaintiffs would not object to the Sacketts' participation as amici curiae.

## CONCLUSION

For the foregoing reasons, the Sacketts' motion to intervene should be denied.

Respectfully submitted this the 8th day of June 2021.

s/ Frank S. Holleman III
Frank S. Holleman III
D.S.C. Bar No. 1911
Kelly F. Moser*
Geoffrey R. Gisler*
Nicholas S. Torrey*
Leslie A. Griffith*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
fholleman@selcnc.org
kmoser@selcnc.org
ggisler@selcnc.org
ntorrey@selcnc.org
lgriffith@selcnc.org

Mark Sabath*
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
Telephone: (434) 977-4090
Facsimile: (434) 977-1493
msabath@selcva.org

*Attorneys for Plaintiffs*
*\*Pro hac vice*
